UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-cr-0011-TWP-TAB |
| | ) | |
| SAMUEL T. HENZEL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petitions") filed on November 21, 2021, and May 23, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on December 17, 2021, and October 11, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 11, 2022, defendant Samuel T. Henzel appeared in person with his appointed counsel, Dominic Martin.  The government appeared by Samantha Spiro and Nick Linder, Assistant United States Attorneys.  The United States Probation Office ("USPO") appeared by Officer Tasha Taylor, Angela Smith, and Elliott Johnson (ND/IL), who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Henzel of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2. Copies of the Petitions were provided to Mr. Henzel and his counsel, who informed the court they had reviewed the Petitions and that Mr. Henzel understood the violations alleged. Mr. Henzel waived further reading of the Petitions. The court summarized the allegations.

3. The court advised Mr. Henzel of his right to a preliminary hearing and its purpose. Mr. Henzel was advised of the rights he would have at a preliminary hearing. Mr. Henzel waived his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petitions.

4. The court advised Mr. Henzel of his right to a hearing on the Petitions and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Henzel, by counsel, stipulated that he committed Violation Number 3 set forth in the Petition as follows. Further, the court placed Mr. Henzel under oath and he admitted the following:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 3 | **"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."** |
| | On November 4, 2021, the U.S. Probation Office in the Northern District of Illinois conducted a search of the offender's residence based on reasonable suspicion he was in possession of unauthorized devices. Based on audio recordings received between September 2, 2021, and September 7, 2021, Mr. Henzel admitted to possessing a phone, which he keeps in a filing cabinet in his basement between file folders. During the search of his residence, the smartphone was found in the exact location described by him on these recordings. He had not disclosed his possession of this device to the probation officer. |

6. Government orally moved to withdraw the remaining violations, which motion was granted by the Court; violation numbers 1, 2, 4, and 5 dismissed.

7. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 3) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Henzel's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of Mr. Henzel's supervised release, therefore, is 3 - 9 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

8. The parties jointly recommended a sentence of twenty-four (24) months with lifetime supervised release to follow. Defendant requested placement at FCI Elkton with sex offender counseling.

3

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, SAMUEL T. HENZEL, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) months with lifetime supervised release to follow.  The Court found that the upward departure from the guidelines sentence is warranted based on the nature and circumstances of the violation and that the upward departure appropriately reflects the seriousness of the offense, the need for deterrence, and the need to protect the public.  The Court's reasons are further stated on the record.

In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job

positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    Justification: Conditions 1-13 are administrative conditions of supervision and are recommended to assist the probation officer in supervising the offender to ensure the safety of the community.

14. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

    Justification: Given Mr. Henzel's prior history of substance use, Conditions 14-15 are recommended for accountability regarding his sobriety.

16. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

17. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

    Justification: Conditions 16-17 are recommended to assist in the collection of the outstanding fine.

18. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

19. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

20. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

21. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

22. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

23. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

24. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider

      should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

25. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

26. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: sexual disorder assessment, treatment, and physiological testing; and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

      Justification: Conditions 18-26 are recommended due to the nature of the instant offense, which involves Mr. Henzel traveling across state lines to engage in sexual activity with a minor aged girl.

Defendant Henzel reviewed the foregoing conditions with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

      Counsel for the parties and Mr. Henzel stipulated in open court waiver of the following:

      1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

      2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

      Counsel for the parties and Mr. Henzel entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Henzel's supervised release, imposing a sentence of imprisonment of twenty-four (24) months with lifetime supervised release to follow. The Magistrate Judge makes a recommendation of placement at FCI Elkton with sex offender counseling. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 10/14/2022

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system